# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CAROLYN ANN JONES, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BWAY CORPORATION, d/b/a MAUSER )<br>PACKING SOLUTIONS and RANDY )<br>DUERKSEN, )<br>)<br>    Defendant. ) | Case No. 2:22-cv-02683-JPM-tmp |

## ORDER DENYING MOTION TO DISMISS PLAINTIFF'S CLAIM FOR BATTERY

Before the Court is Defendant BWAY Corporation's ("BWAY") and Defendant Randy Duerksen's ("Mr. Duerksen") (collectively "Defendants") Motion to Dismiss Plaintiff's Claim for Battery, filed on October 6, 2022. (ECF No. 6.) Plaintiff Carolyn Ann Jones filed a Response on December 9, 2022. (ECF No. 13.) Defendants filed a Reply on December 13, 2022. (ECF No. 17.)

For the reasons set forth below, Defendants' Motion to Dismiss is **DENIED**.

**I.   BACKGROUND**

Plaintiff is a Tennessee citizen. (ECF No. 1-2 ¶ 4.) BWAY is a Delaware corporation with its principal place of business in Georgia. (ECF No. 1 ¶ 8). Mr. Duerksen is a natural citizen of Tennessee. (Id. ¶ 11.)

Plaintiff is a former employee of BWAY. (ECF No. 1-2 ¶ 1.) Plaintiff alleges that Mr. Duerksen, "a plant manager," inappropriately touched her buttocks without her consent. (Id. ¶¶ 2–3.) Plaintiff alleges that she was fired because she filed a worker's compensation claim and

1

because she reported Mr. Duerksen's inappropriate touching.  (Id. ¶¶ 1–2.)  Plaintiff brings her claims under the Tennessee Human Rights Act, Tenn. Code Ann. § § 4-21-101, *et seq.* and "the Tennessee common law claim for workers' compensation retaliation."  (Id. ¶¶ 2, 32.)  Plaintiff also alleges that Mr. Duerksen committed the tort of battery.  (Id. ¶ 3.)  Plaintiff seeks front pay, back pay, compensatory damages, punitive damages, and injunctive relief as remedies.  (Id. ¶ 34.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)).  A motion to dismiss only tests whether the plaintiff has pled a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery.  Brown v. City of Memphis, 440 F. Supp. 2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  If a court decides that the claim is not plausible, the case may be dismissed at the pleading stage.  Iqbal, 556 U.S. at 679.  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level."  Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555).  A claim is plausible on its face if "the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A complaint need not contain detailed factual allegations. Twombly, 550 U.S. at 570. A plaintiff without facts who is "armed with nothing more than conclusions," however, cannot "unlock the doors of discovery." Iqbal, 556 U.S. at 678-79; Green v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 WL 112735, at *3 (W.D. Tenn. Jan. 13, 2011), aff'd, 481 F. App'x 252 (6th Cir. 2012). A court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

### III. ANALYSIS

Defendants argue that "Plaintiff's claim for battery is barred as a matter of law" because it "is barred by the exclusive remedy provision of the Tennessee Workers' Compensation Law." (ECF No. 6 at PageID 29 (citing Tenn. Code Ann. § 50-6-108(a).)

"[S]exual harassment is completely outside the contemplation of the workers' compensation scheme, and employers should not be allowed to use the exclusive remedy provision as a shield to avoid liability for permitting sexual harassment to occur in the workplace." Anderson v. Save-A-Lot, Ltd., 989 S.W.2d 277, 290 (Tenn. 1999) (quoting Ruth C. Vance, Workers' Compensation and Sexual Harassment in the Workplace: A Remedy for Employees or a Shield for Employers?, 11 Hofstra Lab. L.J. 141, 192 (1993)). "'Since tort claims arising out of sexual harassment are not covered by the [Tennessee Workers' Compensation Act],' an injured employee's claims 'are not covered by the exclusive-remedy provision.'" Doe v. Matthew 25, Inc.,

322 F. Supp. 3d 843, 853 (M.D. Tenn. 2018) (quoting Sims v. Meridian Sr. Living, LLC, No. 2:12-CV-02898-JPM, 2012 WL 6115593, at *5 (W.D. Tenn. Dec. 10, 2012)) (alteration in the original).

> "To hold otherwise would be to consign such injuries to a no man's land between workers' compensation and tort—ineligible for workers' compensation but unprotected by the common law. There is nothing in Tennessee's case law or the language of the state's workers' compensation statutes to support such a rule."

Id.

Construing the allegations of battery set out in the Complaint in the light most favorable to the Plaintiff, she has "alleged an assault that would fall outside the bounds of Tennessee workers' compensation law and, therefore, could permissibly give rise to a tort claim without running afoul of the exclusive remedy bar." Id.

## IV. CONCLUSION

For each of the reasons set forth above, Defendants' Motion to Dismiss is **DENIED**.

**SO ORDERED**, this 1st day of June, 2023.

                                   /s/ Jon P. McCalla
                                   JON P. McCALLA
                                   UNITED STATES DISTRICT JUDGE