IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CAROLYN ANN JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:22-cv-02683-JPM-tmp |
| v. ) | |
| ) | |
| BWAY CORPORATION d.b.a. ) | |
| MAUSER PACKAGING SOLUTIONS ) | |
| & RANDY DUERKSEN ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PARTIES' MOTIONS IN LIMINE**

Before the Court are Defendants BWAY Corporation d.b.a. Mauser Packaging Solutions' ("BWAY's") and Randy Duerksen's ("Duerksen's") (collectively, "Defendants'") Motions in Limine (ECF Nos. 69-72) and Plaintiff Carolyn Ann Jones ("Jones'" or "Plaintiff's") Omnibus Motion in Limine. (ECF Nos. 69-72, 77.) Also before the Court are Plaintiff's Response in Opposition to Defendants' Motions in Limine, Defendants' Response in Opposition to Plaintiff's Omnibus Motion in Limine, Defendants' Reply in Support of Their Motions in Limine, and Plaintiff's Supplemental Reply on ECF No. 70. (ECF Nos. 78-80, 82.) Parties appeared for a Pre Trial Conference on April 10, 2024, at which the Court heard limited oral argument on certain Motions in Limine. (ECF No. 81.) For the reasons discussed below, Plaintiff's Omnibus Motion in Limine is **GRANTED IN PART AND DENIED IN PART**. Defendants' Motions in Limine are **GRANTED IN PART AND DENIED IN PART**.

I.  **BACKGROUND**

The Complaint in this case was filed on August 23, 2022 in the Chancery Court of Shelby County, Tennessee. (ECF No. 1-2.) The case was removed to federal court on October 5, 2022. (ECF No. 1.) Plaintiff alleged that Duerksen approached her while she was working and rubbed his penis/groin against her buttocks for three to four seconds. She alleges that Duerksen is therefore liable for battery, and BWAY is liable for harassment and retaliation under the Tennessee Human Rights Act, is vicariously liable for Duerksen's battery, and is separately liable for retaliation related to her workers' compensation claim. (ECF No. 1-2.) The Court dismissed the workers' compensation retaliation claim in response to Parties' Motions for Summary Judgment. (ECF No. 67.)

Defendant BWAY hired Plaintiff as a Quality Assurance Technician on August 3, 2016. (ECF No. 54-1 ¶ 4.) Defendant Randy Duerksen was hired by BWAY in 2003. (ECF No. 55-1 ¶ 1.) On December 20, 2018, Plaintiff filed a claim for workers' compensation benefits pertaining to a workplace head injury. (ECF No. 54-1 ¶ 11.) Plaintiff alleges that after filing for workers' compensation, she was closely monitored by BWAY supervisors, failed to receive preferred shift assignments, and was written up several times, a pattern of behavior she characterizes as harassment. (See ECF No. 54.)

Defendant Randy Duerksen reported by email that at 6:40 a.m. on August 24, 2021, he and Plaintiff were working on the factory floor and he went to investigate an issue with a machine where Plaintiff was working. (ECF No. 54-1 ¶ 18.) At 8:37 a.m., Deurksen reported by email to Roxanne Mayes, a BWAY Human Resources Manager, that Plaintiff had threatened him. (ECF No. 54-1 ¶ 24.) At 3:17 p.m., on August 24, 2021, following a discussion with Human Resources, Plaintiff sent an email to BWAY alleging that Deurksen had inappropriately touched her that

2

morning. (ECF No. 54-1 ¶ 30.) Plaintiff later stated in her deposition that Duerksen "bumped her with his groin area" for "three or four seconds" while passing her on the factory floor. (ECF No. 55-1 ¶ 18.) Duerksen "did not touch [Plaintiff] with his hands and . . . she did not see him approach her." (ECF No. 55-1 ¶ 19.) Duerksen denied touching Plaintiff. (ECF No. 54-1 ¶ 34.)

Plaintiff and Defendants agree that back pay damages should be calculated based on a period ending no later than January 2023. (ECF Nos. 48 at PageID 317, 54 at PageID 319.)

I. **LEGAL STANDARD**

"[F]ederal district courts [generally] have the power to exclude evidence in limine pursuant to their inherent authority to manage trials." Hensley v. Methodist Healthcare Hosps., No. 13-2435-STA-CGC, 2015 WL 5076982, at *1 (W.D. Tenn. Aug. 27, 2015) (quoting Luce v. United States, 469 U.S. 38, 41 n.4 (1984)). "Motions in limine allow the court to rule on evidentiary issues prior to trial in order to avoid delay." Id. (citing United States v. Brawner, 173 F.3d 966, 970 (6th Cir. 1999)). The Sixth Circuit has held that motions "in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility as they arise." Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975).

"The Court has the power to exclude evidence in limine only when [the evidence in question] is clearly inadmissible on all potential grounds." Bouchard v. American Home Products Corp., 213 F.Supp.2d 802, 810 (N.D. Ohio 2002) (citing Luce v. United States, 469 U.S. 38, 41 (1984)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial [but] merely means that without the context of trial, the court is unable to determine whether the evidence in questions should be excluded." Id. (citing Luce, 469 U.S. at 41.)

Relevant evidence has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. "[R]elevant evidence is admissible" unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 402, 403.

II. **ANALYSIS**

a. *Defendants' Motion to Prohibit Evidence, Testimony, and Argument from Lay Witnesses on Causes of Emotional Distress Damages*

Defendants move the Court to exclude "evidence, testimony, and argument from lay witnesses, including Plaintiff, as to any alleged causal relationship between her claimed emotional distress and any conduct by Defendants." (ECF No. 69-1 at PageID 1063.) Defendants further move to prohibit "evidence, testimony, and argument regarding any medical or psychological conditions more generally where an expert has not testified to a causal connection between the alleged condition(s) and the alleged conduct by Defendants." (Id.)

Defendants argue that Plaintiff has not disclosed any expert witness or expert report, but that they anticipate Plaintiff will seek to offer lay testimony that she suffered from certain mental health symptoms, and that those conditions were caused by the conduct of the Defendants. (ECF No. 69-1 at PageID 1063-64.) They cite to Rule 701 for the proposition that both the diagnosis of specific conditions and the causation inference are based on scientific, technical, or other specialized knowledge within the scope of Rule 702. (Id. at PageID 1064.) They argue that this distinction is especially important when there are multiple sufficient causes for Plaintiff's alleged

4

conditions. Defendants also contend that this evidence would be more prejudicial than probative and should be barred under Federal Rule of Evidence 403. (Id. at PageID 1067-68.)

Plaintiff's response distinguishes the Ohio cases cited by Defendant, but not the other applications of Rule 701 in the Sixth Circuit. (ECF No. 79 at *1.)

Defendants use their reply to clarify their position that "without evidence that the alleged emotional distress was caused by Defendants' wrongful conduct, all evidence of the emotional distress becomes irrelevant and inadmissible." (ECF No. 80 (citing Leath v. Webb, 2018 U.S. Dist. LEXIS 147674, *8-9 (E.D. Ky. Sep. 17, 2018).) They cite two district court cases from other districts within the Sixth Circuit, for the proposition that evidence of emotional distress causation requires expert testimony.

To the extent that Defendants seek to exclude all testimony on emotional distress damages because Plaintiff has not disclosed an expert witness, they seek a dispositive ruling in the guise of a motion in limine. Courts in the Western District and elsewhere in the Sixth Circuit have held that when motions in limine are used to convey dispositive motions, denial is proper on that basis alone. Koshani v. Barton, 3:17-cv-0265, 2019 U.S. Dist. LEXIS 202203 at *11 (E.D. Tenn. Feb. 6, 2012); Mitchell v. Alexander, No. 09-2496, 2010 U.S. Dist. LEXIS 63974 (W.D. Tenn. June 25, 2010). See also Goldman v. Healthcare Mgmt. Sys., Inc., 559 F. Supp. 853, 873 (W.D. Mich. 2008).

Lay witness testimony "in the form of opinions or inferences is limited to those opinions or witnesses which are []rationally based on the perception of the witness, []helpful to a clear understanding of the witness' testimony or the determination of a fact on issue, and []not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. Diagnosis of a specific condition would require scientific, technical, or specialized

5

knowledge, and therefore an opinion witness. While Plaintiff is not a psychologist or psychiatrist, her testimony on her own emotions and mental health symptoms would be within her own perception and generally would not require specialized knowledge. Further, as Defendants have themselves argued, Plaintiff's statements on her symptoms—especially memory loss—are both helpful to understanding her testimony and to the determination of facts in issue. Testimony from others as to observable symptoms would be similarly appropriate.

Defendants also argue that any testimony about emotional distress damages and causation should be excluded under Rule 403 as more prejudicial than probative. (ECF No. 69-1.) Plaintiff's mental health symptoms are probative for at least two reasons identified by the parties: first, to assess Plaintiff's credibility and ability to accurately recall the incident in question; and second, in the assessment of emotional distress damages. While there may have been other sufficient or intervening causes of Plaintiff's symptoms, Defendants have not identified any unduly inflammatory evidence, instead seeking to exclude a broad category of evidence on prejudice grounds. Without further development of the record, therefore, the broad exclusion Defendants seek would be inappropriate.

Defendants' Motion in Limine is therefore **GRANTED IN PART AND DENIED IN PART**. Plaintiff and other lay witnesses may testify to their personal observations of Plaintiff's symptoms, along with the timing of those symptoms in relation to her termination from BWAY and other events. Lay witnesses may not testify to their own, unsupported diagnoses of specific mental health conditions, or to causation of Plaintiff's symptoms or conditions.

> b. *Defendants' Motion to Exclude Statements Plaintiff Claims to Have Made to Claude Roddy or Curtis Moore, Jr.*

Defendants move to "instruct Plaintiff and her counsel not to mention, refer to, interrogate concerning, offer into evidence, or convey to the jury in any manner . . . any out of court statement that Plaintiff allegedly made to Claude Roddy or Curtis Moore, Jr. on August 24, 2021 that Duerksen allegedly groped her or that she was terminated after complaining about Duerksen's alleged battery." (ECF No. 70 at PageID 1082.) Allegedly, on the day of the incident, Plaintiff made statements to Mr. Roddy and Mr. Moore, Jr. that she was "upset with Duerksen because he allegedly groped her." (ECF No. 70-1 at PageID 1086.)

Defendants argue that these statements, if offered by the Plaintiff, are hearsay, are irrelevant, and are more prejudicial than probative. (Id.) Defendants argue that Plaintiff's version of the conversations with Roddy and Moore are irrelevant because they differ from Moore and Roddy's accounts of the same conversation in deposition. (Id. at PageID 1088.) Defendants also argue that the testimony is unreliable because Plaintiff has made multiple statements to the effect that her memory was ineffective after her December 2018 workplace injury, and that the statements should not be offered for notice because the statements were allegedly made after Plaintiff had already been terminated or was suspended pending termination. (Id. at PageID 1088-89.)

Plaintiff argues that Plaintiff "is not offering this testimony to prove the truth of the matter asserted" but rather to show that Plaintiff's statements were "made to a co-worker contemporaneously around the time Duerksen assaulted her." (ECF No. 79 at *3.) Plaintiff also argues that these statements are relevant to the nature and thoroughness of Defendants' investigation into the case. (ECF No. 78 at *4.)

7

Defendants respond that these statements remain irrelevant and prejudicial, and they would "only bolster her credibility if they were true when they were made . . . . [and therefore are] clearly being offered for the truth of the matter asserted." (ECF No. 80 at *4.)

Out of court statements generally may be offered for the fact of their timing if they are not offered for the truth of the matter asserted. See FED R. EVID. 802; Dutton v. Evans, 500 U.S. 74, 88 (1970). Federal Rule of Evidence 801 provides that "a statement is not hearsay if [it is] consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." FED. R. EVID. 801(d)(1)(B). The consistent statements must have been made before the alleged influence, or motive to fabricate, arose. Tome v. United States, 513 U.S. 150, 157-58 (1995).

Neither party gives the time at which Plaintiff allegedly made statements to Mr. Roddy and Mr. Moore. Here, the alleged influence or motive to fabricate could have arisen at the time of the altercation if Duerksen threatened to report Plaintiff to HR, at the time of Duerksen's early morning email to HR if Plaintiff had notice of that email, or with Plaintiff's notification that she was suspended or terminated. Without a fuller development of the record, the Court is unable to determine whether Plaintiff's out of court statements to Mr. Roddy and Mr. Moore are admissible under 801(d)(1)(B) or are inadmissible hearsay. Defendants' Motion is **DENIED**.

      c. *Defendants' Motion to Exclude Evidence or Argument Regarding Non-Sexual Events to Prove Sexual Harassment*

Defendants move the court to "order Plaintiff, her attorneys, witnesses and other representatives not to mention, suggest, or bring before the jury . . . any non-sexual conduct by Defendants underlying her now-dismissed Worker's Compensation retaliation claim to prove that she suffered sexual harassment." (ECF No. 71-1 at PageID 1105.)

In the Joint Proposed Pretrial Order, Plaintiff states that "after filing her workers' compensation claim, [she] endured weekly or daily harassment about how she was performing her job," was "removed from her shift and replaced by a new hire in a role that demanded an experienced employee to fill," and was "written up essentially for speaking out about a quality issue in the workplace that she strongly disagreed with." (ECF No. 73 at PageID 1121-22.) Defendants argue that "Plaintiff [] implicitly links these events to the alleged conduct by Duerksen in arguing that she was sexually harassed," and that testimony on these issues are irrelevant and are prejudicial in violation of Rules of Evidence 401-403. (ECF No. 71-1 at PageID 1106.) Defendants argue that because the claims are not related to sexual harassment and are not alleged to be based on any anti-female animus, they are not relevant and are potentially prejudicial. (Id.)

Plaintiff counters that these events are "background evidence" which will "shed light on Plaintiff's issues related to her memory that affected her work performance," or that Defendants intend to offer write-ups into evidence to show that Plaintiff was a "problem employee," and the allegations should be allowed to rebut. (ECF No. 78 at *5.)

Defendants reply that this evidence, even if admissible, should be barred by 403 as risking confusion of the issues. (ECF No. 80 at *4.)

It is not uncommon for courts to restrict reference to dismissed claims. See, e.g. Johnson v. Watkins, 2010 U.S. Dist. LEXIS 77863, *14 (S.D. Miss., June 30, 2010); Elston v. UPMC-Presbyterian-Shadyside, 2008 U.S. Dist. LEXIS 17831, *6-7 (W.D. Pa. Mar. 7, 2008); Bryce v. Trace, Inc., 2008 U.S. Dist. LEXIS 27310, *6 (W.D. Okla. Mar. 31, 2008). Here, while the fact of Plaintiff's memory loss is relevant to this case, the cause of Plaintiff's memory loss is not. More importantly, the fact of prior mistreatment unrelated to the claimed sexual harassment does not

9

tend to show a fact of consequence to determining the action was more or less likely, and has strong prejudicial value.[1] Alleged harassment related to a worker's compensation claim has a strong risk of inflaming juror sentiments, and while there may be limited probative value to rebut what Plaintiff speculates will be Defendants' non-discriminatory justification for Plaintiff's termination, the joint pre-trial order does not reflect a theory of the case that includes Plaintiff's prior write-ups. The use of harassment to refer to non-sexual harassment incidents also presents a high risk of juror confusion and the creation of mini-trials. Therefore, at this stage, any probative value of Defendant BWAY's alleged mistreatment of Plaintiff after her Worker's Compensation claim is substantially outweighed by the risk of prejudice, confusion, and waste of time. Defendants' Motion is **GRANTED**.

    d.  *Defendants' Motion to Exclude Cause of Death of Plaintiff's Son*

Defendants move the court to exclude any mention of the details of the cause of death of Plaintiff's son. (ECF No. 72.) Plaintiff's son died in a gun accident three days after the Plaintiff's dismissal from BWAY. (ECF No. 72-1 at PageID 1115.) Defendants argue that the cause of death is irrelevant and prejudicial. (Id.)

Plaintiff does not oppose this Motion, and states that she does not intend to mention the cause of death. (ECF No. 78 at *5.) The Motion is therefore **GRANTED**. Parties may not mention any of the details of the cause of death of Plaintiff's son, but may reference the fact and date of his death.

---

[1] This is especially true because, as the Court identified at Summary Judgment, the Plaintiff failed to support her allegations of daily or weekly "harassment" by BWAY staff with material in the record. (See ECF No. 67.)

      e. *Plaintiff's Motion to Exclude Plaintiff's Medical Records*

Plaintiff argues that Defendants plan to introduce Plaintiff's medical records into evidence "to assert that Plaintiff's memory loss is not true . . . pursuant to T.C.A. § 68-11-401 et seq." (ECF No. 77-1 at PageID 1198.)  Plaintiff argues that Defendants should have taken the deposition of the physician involved "to allow Plaintiff a fair opportunity to cross examine the physician regarding what is contained in those records," otherwise the records are "tantamount to allowing a hearsay opinion into evidence without cross examination[.]" (Id.)  Plaintiff continues, writing "[t]he Defendants are, nevertheless, free to cross examine Plaintiff on this issue and [elicit] Plaintiff's testimony regarding what she recalls the physician[s] may have said to her if that door is opened." (Id. at PageID 1198.)

Defendants state that they would seek to introduce evidence of Plaintiff's medical condition, including anxiety and emotional distress resulting from her workplace injury, only on the issue of the causation of her alleged emotional distress damages. (ECF No. 78 at PageID 1206.)  They also argue that the medical records "corroborate Plaintiff's testimony that Plaintiff has severe memory loss as a result of a December 2017 car accident and 2018 BWAY injury" and is relevant to the jury's determination of Plaintiff's credibility. (Id.)

Statements made for or reasonably pertinent to medical diagnosis and treatment, and which "describe medical history; past or present symptoms or sensations; their inception; or their general cause" are not hearsay.  FED. R. EVID. 803(4).  Because Plaintiff's argument for inadmissibility is in tension with both Tennessee law and the Federal Rules, Plaintiff's Motion in Limine is **DENIED**.

> f. *Plaintiff's Motion to Exclude Evidence that Plaintiff Filed a National Labor Relations Board Complaint*

Plaintiff argues that Defendants proffered evidence related to Plaintiff's National Labor Relations Board Complaint is irrelevant and prejudicial because "the jury may believe that Plaintiff is some sort of habitual complainer and deserved to be terminated for making unwarranted complaints, even though this complaint against Defendant Duerksen, was made in good faith." (ECF No. 77-1 at PageID 1199.) Plaintiff also argues that the evidence "may tend to mislead the jury . . . [because] the jury may focus on Plaintiff's complaint to the National Labor Relations Board which has nothing to do with the claims before the Court." (Id.)

Defendants argue that the NLRB Complaint is relevant because it goes directly to the sexual harassment retaliation claim under the Tennessee Human Rights Act (THRA). In the NRLB Complaint, Plaintiff alleges that she was terminated due to anti-union animus, without mentioning the Duerksen incident. (ECF No. 78 at PageID 1207.) Defendants argue that it is therefore both relevant in assessing her credibility and because it is relevant to showing that the sexual harassment complaint was not the "but-for" cause of Plaintiff's termination. (Id.)

The fact that Plaintiff pursued a complaint with a different theory on the cause of her termination prior to this action is relevant to her credibility and motivation to bring the current claim. The facts of the claim may also be relevant to proving "but-for" causation on Plaintiff's retaliation claim. The risk of misleading the jury, confusing the issues, and extending pleadings into mini-trials through the introduction of this material is, however, substantial. As Defendants argue, the NRLB complaint could, if true, show that anti-union animus was the "but-for" cause of Plaintiff's termination. The relevance of the complaint on this issue is dependent on its truth. As such, proving the relevance of the complaint could require a mini-trial on the claims made

before the NRLB, and would implicate variety of hearsay concerns, bring in prejudicial information regarding the alleged anti-union sentiment of the Defendants or pro-union sentiment of Plaintiff, and require presentation of evidence largely irrelevant to the case before the jury. Because the NRLB complaint may have substantial probative value depending on the context in which it is offered, the Court reserves ruling on its admission until trial. Plaintiff's Motion is **DENIED**.

> g. *Plaintiff's Motion to Exclude Evidence Regarding Plaintiff's Employment at Rooms-to-Go*

Plaintiff argues that "Defendants intend to introduce evidence of Plaintiff's termination from Rooms-to-Go on the basis that said termination is consistent with the alleged reason why Plaintiff was terminated from BWAY." (ECF No. 77-1 at PageID 1200.) Plaintiff argues that this use is incompatible with Federal Rule of Evidence 404, and that "Plaintiff's termination from a job she took after she was terminated from BWAY is [] not relevant to the issues before the Court in this case" and is more prejudicial than probative. (ECF No. 77-1 at PageID 1201.)

Defendants respond that they intend to offer the Rooms-to-Go records to show that Plaintiff failed to mitigate damages, because federal courts interpreting Tennessee law "have recognized that a back pay award should be cut off when an employee loses their subsequent job 'through willful misconduct' or voluntary resignation." (ECF No. 78 at PageID 1208 (citing Claybrook v. Sunoco GP LLC, 2023 U.S. Dist. LEXIS 52847, *27 (E.D. Tenn. Mar. 27, 2023).) Defendants argue that because the records show Rooms-To-Go "disciplined Plaintiff for insubordination and Plaintiff quit in response . . . [a] back pay award should be cut off after her termination from Rooms-To-Go in February 2022." (Id.) They also argue that this evidence should be admissible under 608(b) on cross-examination, despite 608(b)'s general prohibition on extrinsic evidence, to

13

impeach the witness if she denies or misrepresents the reason for leaving Rooms-To-Go. (ECF No. 78 at PageID 1209 (citing, *inter alia*, Hixon v. TVA Bd. of Dirs., 558 F. Supp. 3d 573, 582 (E.D. Tenn. Sept. 7, 2021).)

If offered exclusively for the purpose of showing that Plaintiff had a character for workplace misconduct consistent with Defendants' theory of the case, the evidence of Plaintiff's performance at Rooms-to-Go would likely be inadmissible. FED. R. EVID. 404(b). Because the Rooms-to-Go records and the cause of Plaintiff's termination are relevant to the issue of damage mitigation, however, they are likely admissible, in conjunction with an appropriate jury instruction. While Plaintiff and Defendants agree that the back pay award is limited to January 2023 at the latest, the period from February 2022-January 2023 is only recoverable if Plaintiff did not voluntarily resign or commit willful misconduct at Rooms-to-Go. Claybrook, 2023 U.S. Dist. LEXIS 52847 at *27. Given the fact-intensive inquiry required to determine whether Plaintiff's conduct was "willful" or her resignation was voluntary, the potential prejudicial effect of this evidence does not substantially outweigh its probative value. As a result, Plaintiff's Motion is **DENIED**.

      h. *Plaintiff's Motion to Exclude Testimony from Taquita White*

Plaintiff moves to exclude the testimony of Taquita White. (ECF No. 77-1 at PageID 1201.) Plaintiff argues that "Taquita White's . . . testimony is not relevant[.]" (ECF No. 77-1 at PageID 1201.) Plaintiff allegedly called Ms. White after the alleged incident with Duerksen. (ECF No. 77-1 at PageID 1201.) Plaintiff argues that any statement Ms. White made about being harassed by Duerksen would be inadmissible, and that the mere fact that Plaintiff asked Ms. White if she was harassed are irrelevant and could mislead the jury. (Id.)

Defendants counter that Plaintiff's summary of the call in her Motion in Limine is incomplete. Defendants state that they "plan to offer White's testimony to show Plaintiff's motive for bringing this action," and that White will testify not only that Jones contacted her "to insist that [White] had been harassed by Mr. Duerksen" but also "said she was trying to set Mr. Duerksen up because she believes he was the reason she was fired." (ECF No. 78 at PageID 1210 (citing ECF No. 48-8 ¶¶ 4-6.).)

The Sixth Circuit recognizes an exception to the general prohibition on hearsay for admissions of a party opponent. Medical Ctr. at Elizabeth Place, LLC v. Atrium Health Sys., 817 F.3d 934, 944 (6th Cir. 2016). If Plaintiff had merely asked Ms. White if she was harassed, their conversation would likely be irrelevant. However, Ms. White's testimony, if consistent with her declarations, would tend to show that it was more likely Plaintiff fabricated her allegations against Duerksen, a fact of considerable consequence in determining this action. See FED R. EVID. 402. Testimony on whether Ms. White had been harassed by Duerksen, however, would be barred by Federal Rule of Evidence 404(b). FED. R. EVID. 404(b). Plaintiff's Motion is therefore **GRANTED IN PART AND DENIED IN PART**. Taquita White may testify about her conversation with Plaintiff, but may not testify to being harassed by Duerksen.

III. **CONCLUSION**

Parties' Motions in Limine are **GRANTED IN PART AND DENIED IN PART**. The following is **ORDERED:**

1. Plaintiff and other lay witnesses may testify to their personal observations of Plaintiff's symptoms, along with the timing of those symptoms in relation to her termination from BWAY and other events. Lay witnesses may not testify to their own, unsupported

   diagnoses of specific mental health conditions, or to causation of Plaintiff's symptoms or conditions.

2. Plaintiff, her attorneys, witnesses and other representatives may not reference any non-sexual conduct by Defendants underlying her now-dismissed Worker's Compensation retaliation claim to prove that she suffered sexual harassment.

3. Parties may not mention any of the details of the cause of death of Plaintiff's son, but may reference the fact and date of his death.

4. Taquita White may testify about her conversation with Plaintiff, but may not testify to being harassed by Duerksen.

**IT IS SO ORDERED** this 16th day of April, 2024.

                                        /s/ Jon P. McCalla
                                   JON P. MCCALLA
                                   UNITED STATES DISTRICT JUDGE